IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABDULLE ABDULLAHI, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-02877-M |
| | § | |
| QUICK TRIP CORPORATION, | § | |
| | § | |
|    Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's No-Evidence Motion for Summary Judgment, filed on November 1, 2022. ECF No. 21. Under Local Rule 7.1(e), Plaintiff's response was due twenty-one days after the Motion was filed. No response was filed, and no response will be permitted. For the reasons below, the Motion for Summary Judgment is **GRANTED.**

**I.   Factual and Procedural Background**

This is a premises liability suit arising from injuries Plaintiff Abdulle Abdullahi sustained on September 19, 2019, after slipping on alleged oil residue[1] outside a QuikTrip Store operated by Defendant.[2] *See* Petition (ECF No. 1-2) at 12; ECF No. 5 at 1. Plaintiff originally sued Defendant in Dallas County District Court, asserting claims for negligence and premises liability.

---

[1] Plaintiff's Petition references an "uneven walkway" as the cause of Plaintiff's injuries, but in the parties' Joint Status Report, Plaintiff clarified that his claims are premised on injuries sustained after slipping on oil residue at the QuikTrip Store premises. ECF No. 5 at 1 ("Plaintiff went to Defendant's Store and was on the premises and slipped due to oil residue that was left on the floor in the premises."). Plaintiff's Petition contains other references that appear to be in error, including describing how Plaintiff entered the QuikTrip premises—which is a convenience store attached to a gas station—"for the purpose of obtain [sic] medical records at the Hospital." ECF No. 1-2 at 13–14. Plaintiff testified during his deposition that he entered the QuikTrip premises to make a purchase and use the restroom. ECF No. 23 at App. 007.

[2] Plaintiff identifies Defendant as "Quick Trip Corporation," but Defendant maintains that the correct name is "QuikTrip Corporation." ECF No. 21 at 1.

1

Defendant removed the case to this Court, and Defendant's Motion for Summary Judgment is now ripe for review.

## II. Legal Standard

Summary judgment shall be granted if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party bears the initial burden of proving there is no genuine issue of material fact, but this does not require negating elements of the nonmoving party's case. *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). Instead, the moving party can meet its burden by identifying those portions of the pleadings, depositions, and other summary judgment evidence which demonstrate the nonmoving party lacks evidence to support its claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986).

The burden then shifts to the nonmoving party to show that summary judgment is not warranted. *Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991). The nonmoving party then must go beyond the pleadings and point to specific facts in affidavits, depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence will not defeat a summary judgment motion. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The court will view all facts and inferences in the light most favorable to the nonmoving party. *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566 (5th Cir. 2003). However, the court "will not assume 'in the absence of any proof . . . that the nonmoving

party could or would prove the necessary facts.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Little*, 37 F.3d at 1075).

**III.    Analysis**

    **a.  Negligence**

Plaintiff asserts a claim for negligence.  ECF No. 1-2 at 15.  However, "[r]ecovery on a negligent activity theory requires that the person [was] injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."  *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *see also Occidental Chem. Corp. v. Jenkins*, 478  S.W.3d 640, 644 (Tex. 2016) (ordinary negligence principles apply where "the injury is the result of a  contemporaneous, negligent activity on the property").  In *Keetch*, the Texas Supreme Court found that a trial court had properly declined to submit a negligent activity theory to the jury where the activity was not ongoing when the plaintiff was injured.  845 S.W.2d at 264.  In contrast, premises liability is a "nonfeasance theory based on the owner's failure to take measures to make the property safe."  *Id*.  A plaintiff must proceed under a theory of premises liability where her claim concerns the condition of the premises rather than contemporaneous negligent acts.  *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010).  A case arising under a theory of premises liability cannot support the plaintiff's recovery under a theory of general negligence.  *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017); *see also H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259, *reh'g denied* (Tex. 1992).

Here, Plaintiff's suit rests solely on the condition of the premises.  Plaintiff alleges not that he was injured by an activity, but rather, that he was injured by a condition, *i.e.*, a substance, alleged to be oil residue, on the pavement in front of the QuikTrip Store.  He does

not allege concurrent activity by any QuikTrip employee, or that he was hurt as a contemporaneous result of whatever activity caused the substance to be on the floor. In addition, Plaintiff presents no evidence raising a fact issue as to negligent hiring, training, or supervision, and provides no evidence that the lack of such training or supervision caused the incident in this case.

Accordingly, Plaintiff's suit rests solely on the condition of the premises, and Texas law precludes a concurrent claim of ordinary negligence. Therefore, Plaintiff's Petition states only a premises liability claim, and the Court **GRANTS** summary judgment in favor of Defendant on Plaintiff's negligence claim.

### b. Premises Liability

Generally, under Texas law, a landowner has "a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). An invitee is "one who enters another's land with the owner's knowledge and for the mutual benefit of both." *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). To prevail on a premises liability claim in Texas, an invitee must show: (a) that the owner had actual or constructive knowledge of some condition on the premises; (b) that the condition posed an unreasonable risk of harm to the invitee; (c) that the owner did not exercise reasonable care to reduce or eliminate the risk; and (d) that the owner's failure to use reasonable care proximately caused the harm to the invitee. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983).

Defendant argues that Plaintiff's premises liability claim fails because he cannot establish that Defendant had actual or constructive knowledge of the oil residue at issue before

Plaintiff slipped. ECF No. 22 at 18–19. The Court agrees. To show actual knowledge, the invitee must show that the landowner either put the foreign substance on the floor or knew it was on the floor and negligently failed to remove it. *See Keetch*, 845 S.W.2d at 265. If an invitee cannot show actual knowledge, the invitee can establish constructive knowledge by showing "some proof of how long the hazard was there" to best indicate whether Defendants "had a reasonable opportunity to discover and remedy [the] dangerous condition." *Wal-Mart v. Reece*, 81 S.W.3d 812, 815–16 (Tex. 2002); *see Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003).

Defendant contends that Plaintiff lacks evidence to establish Defendants' actual or constructive knowledge of the oil residue, pointing to Plaintiff's deposition testimony. Plaintiff testified that, on the day he fell, he had travelled to the QuikTrip Store to meet a friend. D. App. (ECF No. 23) at 4–7. Upon arrival, Plaintiff parked his vehicle at the north end of the building next to his friend's vehicle; Plaintiff then spent approximately two hours in his friend's vehicle socializing. *Id.* Plaintiff then went into the store to purchase something and use the restroom, and after he came out, he stepped off the curb, slipped on the alleged oil residue, and fell. *Id.* at 7, 11–15. However, Plaintiff testified that he does not know where the substance came from, what caused it to be there, or how long the material was present on the ground before he fell. *Id.* at 25–27. He also testified that he did not have any evidence that QuikTrip employees were aware of the substance before he fell, and that he had no discussion with QuikTrip personnel about the substance, either before or after the fall. *Id.* at 27–28. He further testified that he knew of no witnesses or evidence to show how long the substance was present. *Id.* at 28. Finally, he agreed that the parking lot was busy that day, and that he was unable to identify any specific car that might have been the source of the substance. *Id.*

Plaintiff provides no evidence in response to Defendant's Motion for Summary Judgment, and accordingly, Defendant's summary judgment evidence is undisputed. Based upon the evidence, the Court finds, as a matter of law, that Defendant did not have actual or constructive notice of the substance Plaintiff claims caused him to fall. Plaintiff testified that he has no evidence that any QuikTrip employees were aware of the substance before the incident, and accordingly, there is no evidence of actual knowledge. In addition, there is no evidence of constructive knowledge, *i.e.*, temporal evidence upon which the factfinder could evaluate Defendant's opportunity to discover the substance. *See Reece*, 81 S.W.3d at 816 ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."). Plaintiff conceded during his deposition that he did not know whether the substance had come from a car five minutes earlier, as opposed to an hour earlier. D. App. at 25.

Accordingly, because there is no fact issue as to whether Defendant had actual or constructive knowledge of the oil residue substance, the Court **GRANTS** summary judgment on Plaintiff's premises liability claim in favor of Defendant.

**IV.   Conclusion**

For the foregoing reasons, Defendants' Motion for Summary Judgment (ECF No. 21) is **GRANTED**. The Court will enter a separate final judgment.

**SO ORDERED**.

December 5, 2022.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE